IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SONRAI SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-CV-02575 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| WASTE CONNECTIONS OF CANADA, INC., | ) | Honorable John Robert Blakey |
| | ) | |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) | |

**SONRAI SYSTEMS, LLC'S STATEMENT REGARDING
ACES ELECTRONICALLY STORED INFORMATION**

Pursuant to this Court's October 11, 2024 Order (the "Order"), Plaintiff Sonrai Systems, LLC ("Sonrai" or "Plaintiff") submits the following brief regarding its control of the electronically stored information of non-party Advanced Custom Engineered Systems & Equipment Co. ("ACES"). In support hereof, Sonrai states as follows:

1. On October 9, 2024, the parties submitted a Joint Status Report with each party addressing the remaining discovery disputes between the parties. (Dkt. 144.) In it, Waste Connections of Canada, Inc. ("WCC") contended that "Sonrai should collect and produce all relevant and responsive ACES documents." (Dkt. 144 at ¶ 1.) Sonrai responded that its e-discovery vendor attempted to access the ACES email and document data when it collected Sonrai's data. (*Id.* at ¶ 9.) Because its e-discovery vendor could not access the ACES email and documents, Sonrai believed such documents were out of Sonrai's possession, custody, or control. (*Id.*) Moreover, WCC had not established that the ACES documents were in Sonrai's possession, custody, or control.

2. On October 11, 2024, the Court held a status hearing based on the discovery disputes identified by the parties in the Joint Status Report. (Dkt. 146.) The hearing centered on

1

whether Sonrai should collect the ACES electronically stored information and determined the issue required additional information from Sonrai. After the hearing, the Court issued an order stating:

> The Court heard argument and posed follow-up questions but requires additional information to decide whether Plaintiff Sonrai Systems, LLC (Sonrai)) has possession, custody, or control of the documents (including emails with the domain name @aceseq.com and other ESI) of non-party Advanced Custom Engineered Systems & Equipment Co. (ACES). Sonrai argues that it does not while Defendant disagrees. Sonrai is to file a brief with sworn statement(s) supporting its position, including the effect that the following facts have on the issue: Chris Floods joint ownership of Sonrai and ACES; the joint management of Sonrai and ACES; and Sonrais requirement that employees execute (through affiliated company ACES) written agreements to protect against misuse and improper disclosure of Sonrais confidential information. The sworn statement(s) must address (among other topics identified during the hearing or deemed relevant by Sonrai), whether Sonrai has possession, custody, or control over all relevant ACES documents identified above even if not sent to Sonrai email accounts. In addressing this, the sworn statement(s) may not rely solely on information from Sonrais outside e-discovery vendor(s). Sonrai is to file its brief with sworn statements by 11/1/2024.

(*Id.*)

3. Following this hearing, counsel for Sonrai conferred with its client, including Chris Flood, about the above issues. Chris Flood determined that he would provide Sonrai with the ability to collect the ACES electronically stored information for use in the Sonrai litigation. *See* Exhibit A.

4. Sonrai was able to collect the information and completed its collection of the ACES electronically stored information at 6:57 pm on Wednesday, October 30, 2024. *Id*.

5. Less than two hours later, Counsel for Sonrai informed WCC that it was able to collect the ACES electronically stored information for the same date range and custodians as was collected for Sonrai. *See* Exhibit B. Counsel for Sonrai also stated that "Sonrai will produce responsive, non-privileged ACES electronically stored information," and requested that WCC indicate if it wanted particular search terms run across the ACES electronically stored information. *Id.*

6. Therefore, Sonrai believes that the discovery dispute raised by WCC—that "Sonrai should collect and produce all relevant and responsive ACES documents" (Dkt. 144 at ¶ 1)—has been resolved. For all of the above reasons, counsel for Sonrai requested that the parties jointly call the Court to report that the ACES collection dispute was resolved. *Id*. Sonrai wished to report to the Court that the parties were able to resolve an outstanding discovery dispute without further court intervention.

7. Instead of cooperate, however, WCC bafflingly suggests it does not "have enough information to know whether the dispute is resolved." Nonetheless, Sonrai has collected the very documents that WCC addressed in the October 9, 2024 Joint Status Report, and offered to meet and confer with WCC about its specific collection questions. Exhibit B.

8. For these reasons, there is no longer a dispute over whether the ACES electronically stored information is collectible by Sonrai as such information was collected. Exhibit A. The responsive, non-privileged information will also be produced by Sonrai. *Id*.

Dated: November 1, 2024

Respectfully Submitted,

    /s/ J. Scott Humphrey
J. Scott Humphrey
Katie Burnett
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312-212-4949
Facsimile: 312-767-9192
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Plaintiff Sonrai Systems, Inc.*

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on November 1, 2024, he served a copy of the foregoing on all counsel of record via electronic case filing procedures.

      /s/ J. Scott Humphrey

*One of the Attorneys for Plaintiff*